# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MARSHAL T. SIMPSON,** *et al.* | : CIVIL ACTION |
| v. | : NO. 18-231 |
| **WILLIAM DIRKS DAMERON, LLC,** *et al.* | : |

## AMENDED ORDER-MEMORANDUM[1]

**AND NOW**, this 22nd day of May 2018, consistent with our May 7, 2018 Order (ECF Doc. No. 9) addressing Defendants' Motion to, among other things, transfer venue (ECF Doc. No. 6), after considering the Plaintiffs' Memorandum in opposition to transferring venue (ECF Doc. No. 10) and Defendants' response in continuing support of transferring venue to the Western District of Missouri (ECF Doc. No. 11), it is **ORDERED** the Clerk of Court shall forthwith **transfer** this case to the Clerk of the United States District Court for the Western District of Missouri under 28 U.S.C. §1404 (a) for all further proceedings and **close** this case in this District.

### *Analysis*

Three Kansas investors ("Investors") in a Delaware entity are suing their former Missouri lawyers for malpractice. The Kansas investors retained the Missouri lawyers to challenge certain decisions of a Delaware entity first in a Missouri federal court but later transferred to this District. After oral argument, we dismissed the Investors' complaint for failing to state a claim.[2] We held the statute of limitations barred Investors' fraud and negligent misrepresentation claims

---

[1] We amend our Order-Memorandum entered earlier today (ECF Doc. No. 12) only to correct typographical errors not material to our reasoning.

[2] *Marshall T. Simpson Trust et al. v. Invicta Networks, Inc. et al.*, No. 16-173, 2017 WL 4684325 (D.Del. Oct. 18, 2017) (*"Invicta"*).

and the Investors had not met their burden for pleading equitable tolling. Even if the claims were not barred, the Investors did not plead fraud with particularity under federal law. We declined leave to amend finding, "[t]he Investors elected not to amend their complaint to cure deficiencies. During oral argument, the Investors' counsel [our present Defendants] candidly conceded he knew of no additional facts to plead. The Investors admit wanting discovery to see if they can find fraud. Given [our present Defendants'] candor and professionalism, we find no basis to allow yet another time period to find facts they admit are not available to them."[3] The Investors initially appealed but then abandoned their appeal.[4]

The Kansas Investors then promptly hired new Delaware counsel who filed this lawyer malpractice case in this District against the Missouri lawyers challenging lawyer strategies in drafting a complaint; effecting service; abandoning the demand for corporate books and records; suing in Missouri before being transferred to this District due to the Delaware entity; failing to learn the legal precedent; failing to seek entry of default; failing to disclose a defendant had been served; failing to attempt to amend the Complaint; being unprepared for our pretrial conference; and, failing to regularly communicate or ask questions with the Investors.[5]

The Missouri lawyers moved to transfer venue to the Western District of Missouri. The Kansas Investors amended their complaint as of right under Fed.R.Civ.P. 15, requiring we deny the Missouri lawyers' motion to transfer venue but we required the parties show cause as to whether we should transfer venue under 28 U.S.C. §§ 1406 or 1404.[6]

---

[3] *Id.* at *9.

[4] *Invicta*, ECF Doc. Nos. 95, 100.

[5] ECF Doc. No. 8, ¶ 48

[6] ECF Doc. No. 9

2

After considering the parties' briefing, we decline to decide whether the alleged conduct is "substantial" enough to warrant venue here under 28 U.S.C. §1406. The issues under §1406 are close. While the Missouri lawyers physically appeared here on one or two occasions, their alleged conduct affected litigation here. But we disagree with the Investors as to Delaware Law somehow having significant impact. The Investors' main claim – the lawyers' unwillingness to amend and candid assessment of an ability to amend - is governed by Federal Rule 15. There is no magic to the Delaware venue in applying Rule 15. As we detailed in dismissing *Invicta*, even if we applied Delaware Law on the tolling issues, the Investors failed to meet the pleading requirements of Fed.R.Civ.P. 9(b). As with Rule 15, there is no special magic under Delaware Law affecting pleading requirements under Rule 9(b). The alleged negligence – to the extent the Investors can claim damages from the dismissal of their case - involves interpretation of federal civil procedure.

The issues are not close for transfer of venue under §1404(a). The Kansas Investors are asking this District review the alleged negligence of their former Missouri lawyers because we dismissed their earlier case. The Kansas Investors argue since we dismissed the underlying case, we should retain venue. After considering our limited role in the underlying case, the Missouri lawyers met their burden of transferring venue to the Western District of Missouri under §1404(a).

We may transfer venue under § 1404(a) "[f]or the convenience of parties and witnesses, in the interests of justice." Because we do not "lightly disturb" the Kansas Investors' choice of venue, the Missouri lawyers bear the burden of establishing venue in the Western District of Illinois better serves the interests of justice and is the more convenient venue.[7]

---

[7] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

3

In *Jumara v. State Farm Ins. Co.*, our court of appeals defined the relevant private and public interests we must consider when exercising our discretion under 1404(a). Private interests factors are the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties; the convenience of the expected witnesses; and the location of the books and records. The relevant public interests are the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.[8] Applying these factors to the sworn facts, we are compelled to transfer venue under §1404(a).

### A. *Jumara* private interest factors weigh in favor of transfer.

The private interest factors weigh in favor of transfer.

#### 1. The Kansas Investors' preferred forum is entitled to little weight.

While we accord deference to the Investors' choice, "deference given to the plaintiff's choice is reduced when the chosen venue is not the plaintiff's home forum."[9] The Investors swear they are from Kansas. In *MoneyCat Ltd v. PayPal, Inc.*, an Israeli company which did not do business in the United States and had no apparent ties to Delaware law sued a company incorporated with its principal place of business in San Jose, California.[10] Plaintiff argued

---

[8] *McDonough v. Gorman*, No. 16-203, 2017 WL 3528846, at *4 (D. Del. Aug. 16, 2017) (quoting *Jumara*, 55 F.3d at 879-80).

[9] *MoneyCat Ltd v. PayPal, Inc.*, No. 13-1358, 2014 WL 2042699 at *4 (D. Del. May 15, 2014) (citing *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011)).

[10] *Id.*

4

Delaware is more convenient because it is a shorter trip from Israel to Delaware than to California.[11] The court granted defendant's motion to transfer venue and gave the plaintiff's forum preference less deference because "whatever marginal additional inconvenience will be inflicted on [plaintiff] by having to litigate in California is outweighed by transferring this case to the place where the bulk of the evidence exists."[12]

The Kansas Investors preference for Delaware weighs minimally against transferring venue. The bulk of evidence is located with the Missouri lawyers in Missouri. Curiously, while the Kansas Investors are concerned about hiring new counsel in Missouri, they did not alternatively argue for a Kansas home venue should we find transfer warranted under §1404(a). As the Kansas Investors do not argue for more convenience in their home courthouse, we will not volunteer to transfer the case there. They may move the Missouri district court for transfer if warranted.

### 2. The Missouri lawyers prefer the Western District of Missouri.

The Missouri lawyers prefer to litigate in the Western District of Missouri, where they have their law office. Their preference weighs in favor of transferring venue to the Western District of Missouri but we accord its preference less weight than the Kansas Investors' preference (which we accord less deference than usual).[13] But given the Kansas Investors have not offered a preference other than this District, we will afford limited weight to the Missouri lawyers' preference.

---

[11] *Id.*

[12] *Id.*

[13] *See Memory Integrity, LLC v. Intel Corporation*, No. 13-1804, 2015 WL 632026 at * 3 (citing *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 759 (D. Del. 2012)) (finding defendant's forum preference weighs in favor of transfer but giving it "limited weight").

5

### 3. The claim largely arose in the Missouri lawyers' offices.

The Investors' claims arose from decision making in Missouri, with one exception of an answer to our question during oral argument. Investors challenge strategy decisions regarding drafting of a complaint, selecting venue and deciding not to pursue litigation seeking books and records, effecting and reporting service, failing to learn the legal precedent; failing to seek entry of default; failing to attempt to amend the Complaint; being unprepared for our pretrial conference; and, failing to regularly communicate or ask questions with the Investors. As the Missouri lawyers do not have an office in this District and the Investors offer no evidence these decisions arose in this District, we can find no nexus between the claims and this District other than one argument made in a pretrial conference. This argument is based on decisions made long before walking into this District. This factor weighs in favor of transfer.

### 4. The convenience of the parties.

We consider the "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal."[14]

No party is physically located here. Proceeding in this District will require all parties to incur logistical and operational costs in traveling here. The Kansas Investors do not show how they are unable to incur costs of litigating in Missouri. Of course, the Kansas Investors and the Missouri lawyers once chose Missouri as a favored forum. We have no evidence to compare the

---

[14] *Id.* at *4 (quoting *Smart Audio Techs., L.L.C. v. Apple, Inc.*, 910 F. Supp. 2d 718, 724 (D. Del. 2012) (internal citation omitted)).

6

relative ability of the Kansas Investors to bear the costs in Missouri as opposed to the Missouri lawyers.

This factor weighs in favor of transfer because the parties' physical locations are not convenient to Delaware and the Investors' litigation costs will likely remain the same or be reduced because its employees must travel even if we do not transfer venue.

### 5. The convenience of the witnesses.

We consider the convenience of the witnesses "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora."[15] We do not consider witnesses employed by the parties but necessary third party witnesses outside the parties' control.[16]

The Investors concede some witnesses need to be deposed in Missouri. This District lacks subpoena power over those witnesses, thus affecting the presentation of trial evidence. Other witnesses – especially for the Investors – may be deposed in Kansas. The Missouri lawyers argue the four individual parties reside "near the" Missouri venue. Certainly closer than Wilmington. The Investors argue they need to hire a new lawyer in Missouri and possible experts in Delaware Law. We are not persuaded by this lament. They would need a lawyer to obtain subpoenas in Missouri even if the case remains here. We have no basis to find they are unable to find a Missouri lawyer to assist them. Also, the legal issues may arise under Missouri Law as the lawyers' alleged negligence largely occurred there. The principles of negligence are largely identical among Missouri, Delaware and Kansas.[17]

---

[15] *Id.* (quoting *Jumara*, 55 F.3d at 879).

[16] *See Audatex North America, Inc. v. Mitchell International, Inc.*, No.12-139, 2013 WL 3293611 at *5 (D. Del. June 29, 2013).

[17] Delaware law: On a claim of legal malpractice, the plaintiff must establish "1) the employment of the attorney; 2) the attorney's neglect of a professional obligation; and 3) resulting loss."

7

This factor weighs in favor of transfer.

### 6. The location of books and records.

We consider the location of books and records "limited to the extent that the files could not be produced in the alternative forum."[18] The Missouri lawyers' books and records are in Missouri. The only records relating to this District are included on the electronic filing system available on the internet.

This factor weighs in favor of transfer.

---

*Dickerson v. Murray*, No. S14C-07-026, 2016 WL 1613286, at *2 (Del. Super. Mar. 24, 2016) (citing *Flowers v. Ramunno*, No. 211, 2011, 2011 WL 3592966, at *2 (Del. Aug. 16, 2011)). "In order to recover for an attorney's malpractice, the client must prove the employment of the attorney and the attorney's neglect of a reasonable duty, as well as the fact that such negligence resulted in and was the proximate cause of loss to the client." *Id.* (quoting *Weaver v. Lukoff*, 1986 WL 17121, at *1 (Del. July 1, 1986)). "With regards to the final element in a case involving previous litigation, a plaintiff must show 'that the underlying action would have been successful but for the attorney's negligence.'" *Gatz Prop. LLC v. Preston*, No. N13C-02-089, 2014 WL 1725822, at *5 (Del. Super. Apr. 15, 2014) (quoting *Flowers v. Ramunno*, 2011 WL 3592966 at *2).

Missouri law: "The elements of a legal malpractice action are: 1) an attorney-client relationship; 2) defendant acted negligently or in breach of contract; 3) defendant's acts were the proximate cause of the plaintiff's damages; and 4) but for defendant's conduct the plaintiff would have succeeded in prosecution of their underlying claim." *Juan v. Growe*, No. ED 105752, 2018 WL 1720980, at *4 (Mo.App. E.D. Apr. 10, 2018) (citing *Nail v. Husch Blackwell Sanders, LLP*, 436 S.W.3d 556, 561 (Mo. banc 2014)).

Kansas law: "[T]o prevail on a claim of legal malpractice, a plaintiff is required to show (1) the duty of the attorney to exercise ordinary skill and knowledge, (2) a breach of that duty, (3) a causal connection between the breach of duty and the resulting injury, and (4) actual loss or damage." *Canaan v. Bartee*, 72 P.3d 911, 914–15 (Kan. 2003) (quoting *Bergstrom v. Noah*, 974 P.2d 531 (Kan.1999)). "In addition to those four elements, to prove legal malpractice in the handling of litigation, a plaintiff must establish the validity of the underlying claim by showing that it would have resulted in a favorable judgment in the underlying lawsuit had it not been for the attorney's error." *Id.* (citing *Webb v. Pomeroy*, 655 P.2d 465 (Kan. App. 1982)).

[18] *Id.* at 6 (quoting *Jumara*, 55 F.3d at 879).

8

### B. *Jumara* public interest factors weigh in favor of transfer.

The Investors do not argue the public interest factors. We will consider the public interest factors. The public interest factors weigh in favor of transfer.

#### 1. The enforceability of the judgment.

The parties do not address this issue because a judgment in this District and the Western District of Missouri are equally enforceable so this factor is neutral.

#### 2. Practical considerations for trial.

We consider "practical considerations that could make trial easy, expeditious, or inexpensive."[19] The parties and witnesses are largely in Missouri with possible witnesses in Kansas. This District cannot compel Missouri and Kansas witnesses to testify in Wilmington. This factor weighs in favor of transfer.

#### 3. The relative administrative difficulty in the two fora resulting from court congestion.

Neither party addresses this factor. But this District is now reduced to two active district court judges with judges from other busy districts sitting as visiting judges to help address the busy docket until new district court judges are sworn. As of the December 31, 2017 Reporting Period, 6.1% in the docket of the Western District of Missouri is over three years old compared to 10% in this District.[20] While both Districts are busy, this District is ranked 3rd in the United States for weighted filings per judge (based on <u>two</u> judges as of December 31, 2017) while the Western District of Missouri is ranked 33rd based on six active judges as of December 31, 2017.

---

[19] *Smart Audio*, 910 F. Supp. 2d at 732.

[20] United States District Court—National Judicial Caseload Profile, Reporting Period December 31, 2017, http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2017.pdf.

9

Given the caseload in this District with only two active judges with the third heaviest weighted caseload, this factor weighs in favor of transfer.

### 4. The local interest in deciding local controversies at home.

We cannot find this is a local controversy. No Delaware parties are involved. The "local" issues relate to the acts of lawyers licensed in Missouri. Nothing in this Order should be read to indicate an unwillingness to supervise out of state counsel when warranted. This is not a disciplinary case.

This factor weighs in favor of transfer.

### 5. The public policies of the fora.

Delaware is interested in avoiding lawyer negligence in its courts. But, on balance, Missouri has a much greater interest in a public policy governing the conduct of lawyers licensed and presumably advising Missouri citizens on a daily basis. As the negligence principles are similar in Delaware and Missouri, we cannot find the public policies of Delaware are of more import to this matter. This factor is neutral.

### 6. Trial court familiarity with negligence law.

We cannot presently discern whether Missouri or Delaware law will govern the negligence analysis. The alleged conduct arose in Missouri by Missouri lawyers, although its effects are arguably manifest by this District's dismissal of the case. Fortunately, the common law of negligence in Missouri and Delaware are similar. The Missouri judge will not be addressing unique Delaware issues such as interpreting the Delaware Corporations Code. Instead, the issues arise under Federal Rule 15 on amendments of complaints and whether decisions made in Missouri deviated from a standard of care.

10

We find this factor is neutral as a federal judge in Missouri is as familiar with Fed.R.Civ.P. 15 and claims of negligence as we should be.

Rather than specifically address the *Jumara* private and public interest factors, the Kansas Investors generally argue a transfer will not serve the interest of justice. The Investors brazenly assert a transfer to the Western District of Missouri is tantamount to dismissing this action with prejudice because the Missouri lawyers have "political connections" and are "active in the community." [21] A cynic may read this argument as suggesting a federal judge in Missouri will somehow be influenced by the political connections or community involvement of an attorney or counsel. We decline to infer this type of unethical argument - or the falsity or recklessness - from a member of this Bar.[22] But we could not disagree more with the Kansas Investors' Delaware counsel on this point. The Investors recently retained their lawyer. The Investors can retain a lawyer licensed in Missouri. She will assist in transferring the representation to a Missouri lawyer. We also cannot imagine prejudicial delay in this case with a May 7, 2018 Amended Complaint and the Missouri lawyers are presently required to respond to the Amended Complaint no later than May 25, 2018.[23]

---

[21] ECF Doc. No. 10, pp. 5-6.

[22] "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the ...integrity of a judge ...." Delaware Lawyers' Rules of Prof'l Conduct R. 8.2(a) (2008).

[23] ECF Doc. No. 9. We are not opining on whether Defendants may obtain a further extension of the present response date from the District Court in the Western District of Missouri.

11

As demonstrated, the Missouri lawyers meet their burden of demonstrating transfer to the Western District of Missouri. As shown, the great weight of *Jumara*'s private and public interest factors favor immediate transfer to the Western District of Missouri.

                                                   _____
                                                   **KEARNEY, J.**